# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2012

No. 11-40397
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1177-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Miguel Angel Mendez (Mendez) appeals the sentence of 42 months of imprisonment imposed following his guilty plea conviction of possession with intent to distribute 17.3 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). He argues that the district court erred by applying the career offender enhancement of U.S.S.G. § 4B1.1(a) (2010), because his Texas convictions for burglary of a habitation should not have counted as two prior felony convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40397

The career offender enhancement applies if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a)(3). Mendez preserved his argument that he did not have two prior felony convictions by objecting on this basis in the district court. This court therefore reviews the district court's application of the Guidelines de novo and reviews its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As the district court determined, Mendez had two Texas convictions of burglary of a habitation, one occurring in 1993 and the other in 1997. In connection with the 1993 burglary conviction, Mendez was originally sentenced to a term of probation, which was revoked on July 7, 1997, the same date that he was sentenced for the 1997 burglary conviction. He was then sentenced to concurrent terms of imprisonment. The two burglary convictions were separated by an intervening arrest. Accordingly, the district court properly counted the convictions as two prior felony convictions. *See* §§ 4A1.2(a)(2), 4B1.2(c).

The judgment of the district court is AFFIRMED.